UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QAISER GHUMMAN,

Plaintiff,

-v.-

Secretary of State of the U.S. Department of State MARCO RUBIO; Deputy Chief of Mission at the U.S. Embassy in Islamabad, Pakistan NATALIE A. BAKER; and Principal Deputy Assistant Secretary of the Bureau of Consular Affairs of the U.S. Department of State JOHN ARMSTRONG,

Defendants.

Civil Action No:

**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT**

## PRELIMINARY STATEMENT

This civil action and complaint for a Writ of Mandamus and complaint under the Administrative Procedure Act ("APA") is brought forth by QAISER GHUMMAN ("Plaintiff"), by and through undersigned counsel, respectfully requesting this Court compel Defendants to adjudicate the immigrant visa petitions of the beneficiaries of Plaintiff's approved Form I-730, Refugee/Asylee Relative Petitions. In support of such, Plaintiff states as follows:

## PARTIES

1. Plaintiff **QAISER GHUMMAN** is a national of Pakistan and the Petitioner in the aforementioned visa applications referenced herein.
2. Defendant **MARCO RUBIO** as the Secretary of State of the U.S. Department of State is charged with adjudicating Plaintiff's visa petitions.
3. Defendant **NATALIE A. BAKER** as the Deputy Chief of Mission at the U.S. Embassy in Islamabad, Pakistan is charged with adjudicating Plaintiff's visa petitions.
4. Defendant **JOHN ARMSTRONG** as the Principal Deputy Assistant Secretary of the Bureau of Consular Affairs of the U.S. Department of State is charged with adjudicating Plaintiff's visa petitions.

## JURISDICTION

5. This Court has jurisdiction in this civil action pursuant to 28 U.S.C. § 1346(b) (federal defendant), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343, 28 U.S.C. § 1361 (mandamus), 28 U.S.C § 1651 (issuance of writs), 5 U.S.C. § 704, 5 U.S.C. § 551 *et seq.* (Administrative Procedure Act), 5 U.S.C § 702 (right of review) and 5 U.S.C § 706 (scope of review).
6. Declaratory relief is authorized by 28 U.S.C. §§ 2201–2202. Injunctive relief is

authorized by the Court's equitable powers and 5 U.S.C. § 705.

7. 28 U.S.C. § 1346(b) gives exclusive jurisdiction to the district courts over "civil actions on claims against the United States" and 28 U.S.C. § 1331 gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. Under 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Given such, this Court has jurisdiction over the claims asserted in this action, and also has the right to issue writs when "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C § 1651.

9. This court also has jurisdiction over this action under 5 U.S.C. § 555(b), the Administrative Procedure Act ("APA"). The APA requires NVC and the Pakistan, Islamabad embassy to carry out their duties within a reasonable time and commands "each agency [to] proceed to conclude a matter presented to it."

10. Jurisdiction is further conferred by 5 U.S.C § 702 (right of review), allowing for judicial review in situations where "a person [suffered] legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute."

11. Furthermore, 5 U.S.C § 702 (right of review) requires that an "action in a court of the United States seeking relief…stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the

United States or that the United States is an indispensable party.” 5 U.S.C § 706 (scope of review) require “the reviewing court [to] decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall (1) compel agency action unlawfully withheld or unreasonably delayed.”

## VENUE

12. Pursuant to 28 U.S.C. § 1391(e)(1)(c), venue is proper in the Southern District of New York given Plaintiff is a resident within said jurisdiction and no real property is involved in this action.

## FACTUAL HISTORY

13. Plaintiff filed form I-730, Refugee/Asylee Relative Petitions (“I-730 Petitions”) for his spouse, Fakhra Anjum, and children, Muhammad Rehan Qaiser, Muhammad Shaban Qaiser, Muhammad Ahmed and Fatima Qaiser, (collectively “Beneficiaries”) on September 23, 2022. Plaintiff’s I-730 Petitions were later approved. *See* I-730 Petition receipt notices attached hereto as **EXHIBIT “A”**.

14. Following approval, the petitions were forwarded for consular processing at the National Visa Center, and were thereafter transferred to the U.S. Embassy in Islamabad, Pakistan.

15. On July 1, 2024, the Beneficiaries appeared for and completed their consular interviews at the U.S. Embassy in Islamabad, Pakistan (“IV interviews”).

16. At the conclusion of the July 1, 2024 interviews, each Beneficiary’s immigrant visa application was refused under section 221(g) of the Immigration and Nationality Act, and placed into administrative processing. *See* IV refusal notices attached hereto as **EXHIBIT “B”**.

17. After their IV interviews, Beneficiaries Muhammad Rehan Qaiser, Muhammad Shaban Qaiser, Muhammad Ahmed were directed by the U.S. Embassy in Islamabad, Pakistan, to submit additional information, which they did within days of the request. *See* correspondence attached hereto as **EXHIBIT "C"**.

18. On or about July 10, 2024, Beneficiaries Fatima Qaiser, Fakhra Anjum, Muhammad Shaban Qaiser and Muhammad Rehan Qaiser were directed by the U.S. Embassy in Islamabad to submit responses to a questionnaire. Each of these Beneficiaries submitted the requested response shortly thereafter. *See* embassy correspondence attached hereto as **EXHIBITS "D-E"**.

19. Plaintiff and the Beneficiaries have complied with every request for information made by Defendants. Defendants have requested no further information, documentation or action from Plaintiff or any Beneficiary to date.

20. Fatima Qaiser, Plaintiff's daughter and the beneficiary of form I-730 petition likewise filed by Plaintiff, was interviewed at the U.S. Embassy in Islamabad on the same date as the additional Beneficiaries and was likewise initially refused under INA § 221(g). Her immigrant visa was thereafter issued on March 26, 2025, but no other Beneficiaries have had a decision made on their respective visa cases. *See* issued immigrant visa attached hereto as **EXHIBIT "F"**.

21. Defendants have not provided any estimated date by which administrative processing will conclude.

22. Plaintiff has not received any substantial status updates from the National Visa Center or the U.S. Embassy in Islamabad, Pakistan regarding the status of the aforementioned visa

petitions which remain pending to date. Plaintiff has no other adequate remedy available for the harm he seeks to redress, that being the delay in adjudication of said visa petitions.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

23. No exhaustion of administrative remedies requirements applies to the action herein. Despite this, Plaintiff has corresponded with his local representative and submitted multiple inquiries in attempts to address the unjust delay in the adjudication of his visa petitions – all to no avail. *See* case and hardship inquiries attached hereto as **EXHIBIT "G"**.

## CLAIMS FOR RELIEF

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

**Request to Compel Agency to Perform their Duty**
**Pursuant to 28 U.S.C. § 1361**

24. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein and incorporates them by reference.
25. Plaintiff asserts this claim for mandamus relief pursuant to 28 U.S.C. § 1361, which provides this Court authority to compel an agency to perform a duty owed to him.
26. NVC and the Pakistan, Islamabad embassy have a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiff's visa petitions, which have been duly filed.
27. Plaintiff has completed all necessary steps required for Defendants to adjudicate his visa petitions.
28. To date, Plaintiff's visa petitions have not been adjudicated.
29. Plaintiff, through undersigned counsel, challenges the inaction of Defendants to adjudicate his visa petitions, not their approval or denial.
30. Plaintiff has a clear right to the relief requested in this Complaint and has no

alternative or adequate remedies he may utilize to compel NVC and the Pakistan, Islamabad embassy to perform their duties owed to him.

31. As a result of such, Plaintiff has suffered and will continue to suffer damages, that being mental distress and legal fees, as a result of Defendants failure to complete their duties in a timely manner.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**Unreasonable Agency Delay and Failure to Act**
**Pursuant to APA, 5 U.S.C. §§ 551–559**

32. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein and incorporates them by reference.

33. Pursuant to the APA, a person adversely affected by agency action is entitled to judicial review. 5 U.S.C. § 702.

34. Under the APA, NVC and the Pakistan, Islamabad embassy both have a mandatory, non-discretionary duty to complete the adjudication of Plaintiff's visa petitions within a reasonable time.

35. 5 U.S.C § 551(7) defines "adjudication" as an agency's "process for the formulation of an order." An "order," in turn, is defined in 5 U.S.C § 551(6) as "the whole or a part of a *final disposition*, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter." Accordingly, Defendants are required to formulate a final disposition in Plaintiff's visa petitions, or in the alternate, provide a definitive time frame for said adjudication to take place.

36. The APA provides that this Court "*shall*…compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1) (emphasis added). Agency action includes a failure to act under 5 U.S.C. § 551(13). The APA obligates Defendants to

complete these nondiscretionary actions within a "reasonable time." 5 U.S.C. § 555(b).

37. To date, Defendants have failed to adjudicate Plaintiff's visa petitions despite having ample time and all necessary forms, documents and fees.

38. As a result of Defendants unreasonable delay and failure to adjudicate the visa petitions referenced herein in a timely manner, Plaintiff has suffered and will continue to suffer damages, that being mental distress and legal fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court:

1. Accept jurisdiction and maintain continuing jurisdiction of this action;
2. Retain jurisdiction over this action and any attendant proceedings until Defendants have in fact adjudicated Plaintiff's visa petitions referenced herein and have communicated the results of such decision to Plaintiff, undersigned counsel, and the Court;
3. Declare the Defendants' delay in the adjudication of Plaintiff's visa petitions as a violation of the Mandamus Act and APA and as arbitrary and capricious;
4. Compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's visa petitions without further delay;
5. Grant attorney's fees and costs of court to Plaintiff under the Equal Access to Justice Act ("EAJA") and pursuant to 28 U.S.C. § 2412;
6. Grant such other and further relief as this Court deems necessary proper.

Dated: September 21, 2026

Respectfully submitted,

*/s/ Mohammad Saleem*
Mohammad Saleem, Esq.
NY Bar: 4842753
DAVIS NDANUSA IKHLAS & SALEEM LLP
26 Court Street, Suite 603
Brooklyn, NY 11242
Email: msaleem@dnislaw.com
Tel: (718) 783-6819
*Counsel for Plaintiffs*